Filed this ___ 4 ___ day of May 20 22
at 8:40 o'clock A M
Barbara Sorenson, Clerk of Court
By: _____ Clerk / Deputy

John Byorth
**BYORTH LAW PLLC**
116 West Callender St.
Livingston, MT 59047
406-222-4420
Fax: 406-222-1032
john@byorthlaw.com

Rebecca R. Swandal
**SWANDAL LAW PLLC**
305 East Lewis Street
Livingston, MT 59047
Tel: 406-222-3301
swandal.law@gmail.com

Attorneys for Plaintiff

## MONTANA SIXTH JUDICIAL DISTRICT COURT
## SWEET GRASS COUNTY

KELDAH ELIZABETH HEDSTROM, Individually and as the Natural Parent and Guardian of D.O.P., a Minor,

    Plaintiff,

-vs.-

CODY CLAY PETERS,

    Defendant.

Cause No.: DV 2022-14

**COMPLAINT**

COMES NOW the Plaintiff, Keldah Elizabeth Hedstrom, individually and as the natural parent and guardian of D.O.P., a minor child, and complains and alleges as follows:

### PARTIES, JURISDICTION, AND VENUE

1. At all times pertinent hereto, Plaintiff Keldah Hedstrom was a resident of Sweet Grass County, Montana.

2. Upon information and belief, at all times pertinent hereto, Defendant Cody Clay Peters was a resident of Sweet Grass County, Montana.

COMPLAINT - 1

**EXHIBIT A**

3. Keldah is the natural mother and custodian of her son, D.O.P.

4. The conduct complained of herein occurred within Sweet Grass County, Montana.

5. As such, this Court has jurisdiction over the parties and the matters alleged herein.

## GENERAL ALLEGATIONS

6. On or about August 10, 2020, Defendant Cody Peters broke one of Keldah's windows, unlawfully entered her home, and lay in wait for her.

7. When Keldah returned to her residence the next morning with her stepfather and three-year-old son, D.O.P., Cody confronted them with a loaded gun pointed at them, stating, "You're fucking dead." Cody forced a terrified Keldah to lie face-down on the floor. At one point during the assault, Cody pointed the gun at Keldah's head and informed her that he "wanted to end it." D.O.P. witnessed the entire event. Fortunately, Keldah's stepfather was ultimately able to talk Cody out of murdering him, Keldah, and D.O.P.

8. Shortly thereafter, Cody was arrested and charged with numerous felonies, including Aggravated Burglary, Aggravated Kidnapping, and Assault with a Weapon.

9. Cody subsequently pleaded guilty to two counts of Felony Assault with a Weapon, and, on November 10, 2021, was sentenced to 10 years imprisonment, with nine years suspended.

## COUNT I—ASSAULT (as to Keldah)

10. Plaintiff restates and reincorporates ¶¶ 1-9 as though fully set forth herein.

11. Through the conduct described herein, Defendant intended to cause Keldah to apprehend imminent harmful contact.

12. Through the conduct described herein, Keldah did reasonably apprehend imminent harmful contact from Defendant.

COMPLAINT - 2

13. As a direct and proximate result of Defendant's conduct, Keldah was injured and suffered general and special damages in an amount to be proven at trial.

### COUNT II—ASSAULT (as to D.O.P.)

14. Plaintiff restates and reincorporates ¶¶ 1-13 as though fully set forth herein.

15. Through the conduct described herein, Defendant intended to cause D.O.P. to apprehend imminent harmful contact.

16. Through the conduct described herein, D.O.P. did reasonably apprehend imminent harmful contact from Defendant.

17. As a direct and proximate result of Defendant's conduct, D.O.P. was injured and suffered general and special damages in an amount to be proven at trial.

### COUNT III—INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (as to Keldah)

18. Plaintiff restates and reincorporates ¶¶ 1-17 as though fully set forth herein.

19. Through the above-described conduct, the Defendant intentionally inflicted serious emotional distress upon Keldah.

20. The emotional distress suffered by Keldah was a reasonably foreseeable consequence of the Defendant's actions.

21. As a direct and proximate result of the Defendant's conduct as described herein, Keldah suffered emotional distress and suffered injuries and damages in an amount to be proven at trial.

### COUNT IV—INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (as to D.O.P.)

22. Plaintiff restates and reincorporates ¶¶ 1-21 as though fully set forth herein.

23. Through the above-described conduct, the Defendant intentionally inflicted serious emotional distress upon D.O.P.

COMPLAINT - 3

24. The emotional distress suffered by D.O.P. was a reasonably foreseeable consequence of the Defendant's actions.

25. As a direct and proximate result of the Defendant's conduct as described herein, D.O.P. suffered emotional distress and suffered injuries and damages in an amount to be proven at trial.

## COUNT V—PUNITIVE DAMAGES

26. Plaintiff restates and reincorporates ¶¶ 1-25 as though fully set forth herein.

27. Pursuant to § 27-1-221, MCA, an award of punitive damages is appropriate in situations where the Defendant acts with actual malice.

28. Here, the Defendant knew or should have known that breaking into Keldah's home; lying in wait for her and D.O.P. to return; pointing a loaded firearm at them while telling them, "You're fucking dead"; making Keldah lie face-down on the floor; and pointing a loaded firearm at her head while stating that he "wanted to end it all," would create a high probability of causing distress and emotional harm to everyone present.

29. Here, the Defendant deliberately proceeded to act in conscious or intentional disregard of or indifference to the high probability of injury to Keldah and D.O.P.

30. As a result of Defendant's actual malice, Keldah and D.O.P. were damaged in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE Plaintiffs pray as follows:

1. For judgment against Defendant in an amount to be proven at trial;

2. For an award of all compensatory, punitive, general, and special damages recoverable under Montana law; and

COMPLAINT - 4

3. For all such other and further relief as the Court may deem just and proper, including costs of suit.

DATED this 3RD day of May, 2022

John Byorth, Esq.
BYORTH LAW PLLC

COMPLAINT - 5