IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| KELDAH ELIZABETH HEDSTROM, Individually and as the Natural Parent and Guardian of D.O.P., a Minor,<br><br>                    Plaintiff,<br>vs.<br><br>CODY CLAY PETERS,<br><br>                    Defendant. | CV 22-81-BLG-SPW<br><br>ORDER |

Pending before the Court is Cody Clay Peters' Motion in Limine. (Doc. 43). The motion is fully briefed and ripe for the Court's review. (*See* Docs. 43, 44).

Having considered the parties' briefing and for the following reasons the Motion in Limine is DENIED.

I. **Legal Standard**

A motion in limine is used to preclude prejudicial or objectionable evidence before it is presented to the jury. The decision on a motion in limine is consigned to the district court's discretion—including the decision of whether to rule before trial at all. *United States v. Bensimon*, 172 F.3d 1121, 1127 (9th Cir. 1999). A motion in limine "should not be used to resolve factual disputes or weigh evidence." *BNSF*

1

*R.R. v. Quad City Testing Laboratory, Inc.*, 2010 WL 4337827, at *1 (D. Mont. 2010). Evidence shall be excluded in limine only when it is shown that the evidence is inadmissible on all potential grounds. *See, e.g., Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004).

## II. Discussion

Peters has filed a motion in limine to: (1) prevent Plaintiff from commenting at trial if Defendant does not call a witness named on their Witness List; (2) exclude lay witnesses from the courtroom; (3) prevent lay witnesses from giving testimony that invades the province of the fact finder; (4) preclude Plaintiff from eliciting testimony as to the credibility of another witness; (5) exclude any hearsay evidence; (6) exclude photographic evidence that could evoke prejudicial emotions; (7) exclude evidence related to the Defendant's criminal matter or Fish and Game matter; (8) exclude evidence related to other alleged incidents between Defendant and a third party; (9) prevent any witness from testifying that is disqualified pursuant to Montana Rule of Evidence 601(b); and (10) exclude any testimony from individuals claiming to be experts without the proper foundation. (Doc. 43 at 1–2).

First, the Court notes that Peters has cited inapplicable law throughout the brief. Peters exclusively relies on Montana Rules of Evidence and Montana Rules of Criminal Procedure in this motion. (*See* Doc. 43 at 2–6). This Court has jurisdiction over this matter based on diversity jurisdiction under 28 U.S.C. §

2

1332(a)(1). (*See* Doc. 1). The Federal Rules of Evidence will "ordinarily govern in diversity cases." *Wray v. Gregory*, 61 F.3d 1414, 1417 (9th Cir. 1995). Absent a showing that a state rule of evidence is "intimately bound up with the state's substantive decision making," the Federal Rules of Evidence will govern. *Feldman v. Allstate Ins. Co.*, 322 F.3d 660, 666 (9th Cir. 2003). Peters does not argue that any of the state rules of evidence cited are "intimately bound up with the state's substantive decision making."

Additionally, Peters fails to identify specific evidence at issue and state why that evidence should be excluded. (*See* Doc. 43). Instead, he asks the Court to exclude broad categories of evidence or to apply the rules of evidence during trial. (*See id.*). Six of the ten requests do not include a scintilla of analysis; instead, they plainly recite the relevant but inapplicable Montana Rules of Evidence. (*See id.* at 4–6).

Motions in limine do "not lie to exclude broad categories of evidence." *Acad. Of Motion Pictures Arts & Scis. v. Godaddy.com, Inc.*, 2015 WL 12697750, at *2 (C.D. Cal. Apr. 10, 2015). Motions in limine must specifically "identify the evidence at issue and state with specificity why such evidence is inadmissible." *Colton Crane Co., LLC v. Terex Cranes Wilmington, Inc.*, 2010 WL 2035800, at *1 (C.D. Cal. May 19, 2010). "Orders in limine which exclude broad categories of evidence should rarely be employed. A better practice is to deal with questions of admissibility of

evidence as they arise." *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975).

Given the inapplicable law cited and the lack of specificity in the requests, the Court denies Peters' Motion in Limine. The Court assures Peters that the Federal Rules of Evidence will be adhered to at trial.

### III. Conclusion

Accordingly, IT IS ORDERED that Peters' Motion in Limine (Doc. 43) is DENIED.

DATED this 3rd day of March, 2025.

/s/ Susan P. Watters
SUSAN P. WATTERS
United States District Judge